IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FELICIA HENDERSON ELAYAH**                                                   **PLAINTIFF**

**v.**                                                            CIVIL ACTION NO.: 3:25-cv-526-CWR-LGI

**DIVINITY COMMUNITY LIVING, INC.**                                          **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Felicia Henderson Elayah, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights pursuant to the Fair Labor Standards Act (FLSA) for unpaid minimum wages, unpaid overtime pay and retaliation against the Defendant, Divinity Community Living, Inc. In support of this cause, the Plaintiff would show unto the court the following facts to-wit:

## THE PARTIES

1.   Plaintiff, Felicia Henderson Elayah, is an adult female who resides in Hinds County, Mississippi.

2.   Defendant, Divinity Community Living, Inc., may be served with process by serving Susan Thornton, 231 William McKinley Circle, Jackson, Mississippi 39213.

## JURISDICTION AND VENUE

3.   This Court has federal question jurisdiction.

4.   Jurisdiction is proper as the claims are brought pursuant to the Fair Labor Standards Act (FLSA).

## STATEMENT OF FACTS

5.   Plaintiff is a 43-year-old female resident of Hinds County, Mississippi.

6. Plaintiff was hired around November 10, 2023, as a Personal Care Assistant at Divinity Community Living, Inc. (DCL).

7. When Plaintiff first started at DCL, Manager Susan Williams informed Plaintiff that she would be paid $11 per hour for ambulatory clients and $12 per hour for non-ambulatory clients.

8. Plaintiff was misclassified as a 1099 contractor.

9. Plaintiff contends she was misclassified because Ms. Williams controlled when Plaintiff worked and scheduled her to work over 40 hours per week most of the time.

10. Approximately 80% of the time, Plaintiff worked more than 40 hours per week.

11. It was common for her to work between 45-70 hours per week.

12. When Plaintiff worked over 40 hours per week, she was still paid the straight hourly rate.

13. On June 21, 2025, Plaintiff complained to Ms. Williams that she (Plaintiff) was misclassified as a 1099 worker, that she should be a W2 employee, and she should be paid overtime for hours worked over and above 40 per week.

14. On June 22, 2025, Ms. Williams informed Plaintiff that she was terminated.

15. No reason was given for the termination.

16. Plaintiff contends that after she complained about not being paid overtime she was retaliated against and terminated.

## **CAUSE OF ACTION**

### **COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

17.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 16 above as if fully incorporated herein.

18.     Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

19.     The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

20.     Plaintiff has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

21.     The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiff to liquidated damages and attorney fees.

### **COUNT II: VIOLATION OF THE FLSA - RETALIATION**

22.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23.     It is unlawful for any employer to retaliate against any individual for opposing any practice made unlawful by the FLSA.

24.     As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

25. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FLSA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

26. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Liquidated damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 21ST day of July 2025.

Respectfully submitted,

Felicia Henderson Elayah, Plaintiff

By: /s/Nick Norris
Nick Norris (MB# 101574)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212

Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com